UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ADRIAN THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> KOHL'S, INC. and JOHN DOES 1-10, <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 1:23-cv-02312 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** ADRIAN THOMAS ("Plaintiff"), by and through the undersigned counsel, complaining of the Defendant, KOHL'S, INC. and JOHN DOES 1-10 ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, as the action arises under the laws of the United States in connection with Defendant's unlawful conduct.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

**JURISDICTION AND VENUE**

4. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Indiana, Defendant conducts business in the Southern District of Indiana, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District Of Indiana.

**PARTIES**

6. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant had an Indiana phone number and was physically present in Indiana at the time he received the solicitation and/or collection calls at issue in this case.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) as he is an individual.

8. Defendant is a prominent national department store chain.

9. Defendant maintains its corporate headquarters and resides in Menomonee Falls, Wisconsin.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39) as it is a corporation.

**FACTS SUPPORTING CAUSE OF ACTION**

11. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2586.

12. At all times relevant, Plaintiff's number ending in 2586 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

14. Prior to the events giving rise to this action, Plaintiff applied and obtained an open line of credit with Defendant resulting in a past due balance ("subject debt").

15. Due to financial difficulty, Plaintiff fell behind on payments and amassed a past-due balance.

16. In or around October 2023, Defendant began placing collection telephone calls to Plaintiff's cellular phone attempting to collect the subject debt using prerecorded messaging technology.

17. After the Plaintiff was advised by the Defendant that his subject debt was submitted to a debt collector, the Plaintiff requested Defendant to cease calling his cellular phone multiple times and Defendant ignored his requests.

18. Despite Plaintiff's requests, Defendant continued its collection calls, including calls from the phone number 1(800)564-5740.

19. In the calls that Plaintiff did not answer, Defendant would leave a pre-recorded voicemail requesting that Plaintiff call Kohl's Department Store to make an immediate payment.

20. Defendant has left multiple pre-recorded voicemails on Plaintiff's cellular telephone without his consent.

21. In the phone calls where Plaintiff was connected to a live representative after a prerecorded message, there was an approximate three-second pause in which Plaintiff was required to state "hello" several times.

22. From October 2023 through the present, Defendant placed numerous collection calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

23. Upon information and belief all of the aforementioned calls were placed by John Does 1-10 on behalf of Defendant.

24. Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

25. Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

26. Due to Defendant's refusal to honor Plaintiff's requests regarding the frequency of the calls, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## COUNT I – DEFENDANT'S VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227 *ET. SEQ.*)

27. Plaintiff repeats and alleges paragraphs 1 through 26 as though fully set forth herein.

28. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020).

29. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing numerous pre-recorded calls to Plaintiff's cellular telephone utilizing an ATDS and/or artificial or prerecorded voice without Plaintiff's consent.

30. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone using pre-recorded messages without his consent. Any consent Plaintiff *may* have given to Defendant by virtue of incurring the subject debt was explicitly revoked by his demands that it cease contacting his cellular phone.

31. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

32. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

33. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

34. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

35. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, ADRIAN THOMAS, requests the following relief:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: December 28, 2023

Respectfully Submitted,

*/s/ Marwan R. Daher*
Marwan Rocco Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com