UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ADRIAN THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>KOHL'S, INC. and JOHN DOES 1-10,<br><br>Defendant. | Case No.  1:23-cv-02312-RLY-MKK |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Kohl's, Inc., (hereinafter "Kohl's" or "Defendant") by and through its attorneys, hereby answers the Complaint (the "Complaint") of plaintiff Adrian Thomas ("Plaintiff") as follows:

**NATURE OF THE ACTION**

1. To the extent that Paragraph 1 of the Complaint states that Plaintiff bases his Complaint on the Telephone Consumer Protection Act 47, U.S.C. § 227 *et seq.* (the "TCPA"), no response is required.  Defendant denies that it violated the TCPA or any other statute, law or common law theory of recovery based on the allegations of the Complaint.

2. Paragraph 2 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies that it violated the TCPA or any other statute or law alleged in the Complaint.

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 3 of the Complaint.

## **JURISDICTION AND VENUE**

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 5 of the Complaint.

## **PARTIES**

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore, denies those allegations.

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits only that it is a business entity located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 10 of the Complaint.

## **FACTS SUPPORTING CAUSES OF ACTION**

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies those allegations.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies those allegations.

13. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 13 of the Complaint, and therefore denies those allegations.

14. Paragraph 14 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies those allegations.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies those allegations.

16. Paragraph 16 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 16 of the Complaint and denies that it violated the TCPA, or any other laws based on the allegations in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant states only that it services its Kohl's private label credit cards, and that it attempted to contact Plaintiff in connection with his

Kohl's charge account. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint or Plaintiff's subjective experiences, and therefore denies those allegations.

25. Paragraph 25 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies those allegations.

### COUNT I – DEFENDANT'S VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C § 227 *ET. SEQ.*)

27. Defendant incorporates its responses to the allegations asserted in all previous paragraphs 1 through 26 as though fully set forth herein.

28. Paragraph 28 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint and denies that Plaintiff is entitled to the relief requested in Paragraph 35 or the following WHEREFORE paragraph or any of its subparts a through e.

## **AFFIRMATIVE DEFENSES**

By way of further response, Defendant alleges the following affirmative defenses and claims to the Complaint. In stating the following, Defendant does not waive any arguments that it does not bear the burden of proof as to any defense for which such a burden is not required.

### **First Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and waiver, as upon information and belief, Plaintiff informed Defendant that he consented to be contacted by Defendant regarding his Kohl's charge account when he agreed to the terms of the Kohl's Card Member Agreement on or about November 15, 2022 including at the telephone number at issue in this case.

### **Second Affirmative Defense**

Defendant is informed and believes, and on that basis alleges, that the damages Plaintiff seeks against Defendant violate the Due Process Clause of the United States Constitution, and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution, and that granting Plaintiff's demand would result in unjust enrichment. Plaintiff has not alleged that he suffered any particularized and concrete injury, whether tangible or intangible, as a result of any contact made by Defendant in connection with Plaintiff's Kohl's

charge account. Furthermore, the damages sought by Plaintiff as against Defendant, up to and including treble damages and punitive damages, after Plaintiff consented to be contacted by Defendant pursuant to the terms of the Kohl's Card Member Agreement, and from which Plaintiff received a financial benefit, constitutes an excessive fine in violation of the Eighth Amendment of the Constitution. Furthermore, granting Plaintiff's demand would result in Plaintiff receiving more money than Plaintiff is entitled to receive as, upon information and belief, none of the calls made by Defendant were in violation of the TCPA or any other law or theory of legal recovery.

### Third Affirmative Defense

Defendant alleges that Plaintiff has expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains when he consented to be contacted by Defendant regarding his Kohl's charge account when he agreed to the terms of the Kohl's Card Member Agreement on or about November 15, 2022, including at telephone number at issue in this case. Defendant alleges that by Plaintiff's conduct, representations, and omissions, upon which Defendant detrimentally relied, Plaintiff is equitably estopped from asserting any claim for relief against Defendant and Plaintiff is barred from pursuing claims alleged in the Complaint.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of good-faith, as, upon information and belief, Defendant acted in good faith with respect to any calls it made to Plaintiff in connection with his Kohl's charge card as Plaintiff provided consent to be called regarding his account when he agreed to the terms of the Kohl's Card Member Agreement when he applied for a Kohl's charge card on or about November 15, 2022.

### Fifth Affirmative Defense

Defendant alleges that Plaintiff is not entitled to any relief because Defendant's conduct did not proximately cause any damages, injury or loss to Plaintiff.

### Sixth Affirmative Defense

Plaintiff's claims are barred because Defendant did not engage in willful and/or knowing misconduct in any of the calls it made to Plaintiff in connection with his Kohl's charge card as, upon information and belief, Plaintiff provided consent to be called regarding his account when he agreed to the terms of the Kohl's Card Member Agreement when he applied for a Kohl's charge card on or about November 15, 2022.

### Seventh Affirmative Defense

Plaintiff's claims against Defendant are barred because the TCPA does not permit Plaintiff to revoke consent after, as part of a bargained-for-exchange, he agreed to be contacted under the terms of the Kohl's Card Member Agreement when he applied for a Kohl's charge card on or around November 15, 2022.

### Eighth Affirmative Defense

Plaintiff's claims against Defendant under the TCPA are barred, in whole or in part, because the Defendant does not use an automated telephone dialing system ("ATDS") as defined under the TCPA and further clarified by the Supreme Court in *Facebook v. Duguid*, 141 S. Ct. 1163 (2021).

### Ninth Affirmative Defense

Defendant states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of his Complaint;

2. That judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4. That the Court grant Defendant such other and further relief as it deems just and proper.

Dated: February 21, 2024                By:   */s/ Anne E. Becker*
                                                                                     Anne E. Becker, Esq.
Lewis Kappes
One American C. Square, Suite 2500
Indianapolis, IN 46282
Telephone: (317) 639-1201
Fax: (317) 639-4882
Email: ABecker@lewis-kappes.com

*Attorney for Defendant
Kohl's, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 21, 2024 a copy of the foregoing document was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                      */s/ Anne E. Becker*
                                      Anne E. Becker